UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STEVEN J. NAUDET, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 22-cv-00783 |
| FEDERAL RESERVE BANK OF KANSAS CITY, | ) Hon. Judge Brian C. Wimes |
|       Defendant. | ) |

**DEFENDANT FEDERAL RESERVE BANK OF KANSAS CITY'S
MOTION TO DISMISS**

Defendant, FEDERAL RESERVE BANK OF KANSAS CITY (the "Bank"), by and through its undersigned attorneys Laura A. Balson and Erica N.D. Young of CONSTANGY, BROOKS, SMITH & PROPHETE, LLP, pursuant to Federal Rules of Civil Procedure 12(b)(6), respectfully moves to dismiss the Complaint filed by Plaintiff, STEVEN J. NAUDET ("Complaint") with prejudice. In support thereof, Defendant states as follows:

**INTRODUCTION**

The Federal Reserve System, which is the central bank of the United States, was established by an Act of Congress in 1913 and is composed of the Board of Governors in Washington D.C., twelve Federal Reserve Banks located throughout the United States and the Federal Open Market Committee. Each Reserve Bank is incorporated pursuant to the Federal Reserve Act, Pub. L. No. 43, 40 Stat. 251 (1913), *codified as amended in* 12 U.S.C. § 221 *et seq.* ("FRA"). The Bank is one of the twelve Federal Reserve Banks and is subject to the comprehensive statutory scheme established by the FRA.

Pursuant to the Supremacy Clause of the United States Constitution, federal law preempts state law or regulation if federal law expressly or impliedly occupies the field of potential regulation. As set forth more fully below, Counts I through IV of Plaintiff's Complaint, which are based on purported violations of the Missouri Human Rights Act ("MHRA"), are preempted by the FRA, which occupies the field related to a Federal Reserve Bank's ability to terminate the employment of one of its employees. Plaintiff's final count, Count V, is preempted by the Missouri Worker's Compensation Act. Accordingly, all of Plaintiff's claims must be dismissed.

## RELEVANT FACTUAL ALLEGATIONS

Except where otherwise indicated, the below summary is based exclusively on the allegations contained in the Complaint:[1]

### *The Equal Employment Opportunity Commission ("EEOC") Charge*

Plaintiff was employed by the Bank from January 1982 through November 2021, at which time his position was Facilities Senior Maintenance Technician. On or about April 20, 2022, Plaintiff filed a Charge of Discrimination with the EEOC alleging religious and age discrimination based on the Bank's rejection of Plaintiff's request for an exemption to its COVID-19 Vaccination Policy. (*See* **Exhibit A** attached, "Charge"). Plaintiff received a Dismissal and Notice of Suit Rights from the EEOC relating to the Charge on July 29, 2022. (*See* **Exhibit B**).

### *The Complaint*

On October 25, 2022, Plaintiff filed this lawsuit in state court, asserting claims under the MHRA and state common law. Pursuant to 12 U.S.C. §632, which gives federal courts original

---

[1] Defendant accepts any well-pled allegations in the Complaint as true **for purposes of this Motion only** and does not waive its right to challenge the truth of the allegations asserted and/or to assert any and all applicable affirmative defenses if this Motion to Dismiss is denied in part or in whole.

jurisdiction over any civil suit in which any Federal Reserve Bank is a party, the Bank removed the case to federal court on November 29, 2022.

Plaintiff alleges the following in the Complaint:

- On or about September 21, 2021, Plaintiff was notified by the Bank that he would need to be fully vaccinated against COVID-19 by November 15, 2021.

- Plaintiff submitted a request for exemption to the COVID-19 Vaccination Policy based on his religious beliefs and provided supplemental information to the Bank on or about October 11, 2021.

- The Bank denied Plaintiff's exemption request and notified Plaintiff he had until November 15, 2021 to become vaccinated or his employment would be terminated.

- On November 15, 2021, Plaintiff's employment was terminated for failure to comply with the Bank's COVID-19 Vaccination Policy.

The five counts pled in the Complaint all arise under state law: I) Age Discrimination pursuant to the MHRA; II) Religious Discrimination pursuant to the MHRA; III) Retaliation pursuant to the MHRA; IV) Failure to Accommodate/Engage in the Interactive Process, as required under the MHRA; and V) Negligent Infliction of Emotional Distress based on the discrimination and retaliation alleged in the other counts.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

# ARGUMENT

**A. Plaintiff's State-Law MHRA Claims Must Be Dismissed Because The Claims Are Preempted By The Federal Reserve Act.**

As noted above, the Federal Reserve System includes the Board of Governors of the Federal Reserve System, a federal agency. 12 U.S.C. § 241. In contrast, Reserve Banks are federal instrumentalities chartered pursuant to the FRA, 12 U.S.C. § 221 et seq., and serve as the operating arms of the central bank. *United States ex. rel. Kraus v. Wells Fargo & Co.*, 943 F.3d 588, 592 (2d Cir. 2019); *Starr Int'l Co. v. Fed. Reserve Bank of N.Y.*, 742 F.3d 37, 40 (2d Cir. 2014). Through the FRA, Congress created a decentralized central banking system to balance government oversight and control over monetary policy with insulation from political pressure. *See Fasano v. Fed. Reserve Bank of N.Y.*, 457 F.3d 274, 277 (3d Cir. 2006); *Melcher v. Fed. Open Mkt. Comm.*, 644 F. Supp. 510, 521 (D.D.C. 1986), aff'd, 836 F.3d 561 (D.C. Cir. 1987) ("few issues in the history of this nation have been as thoroughly considered and debated" as the composition of the nation's central bank). By deliberate congressional design, Federal Reserve Banks serve the interests of, but stand apart from, the sovereign. *Kraus*, 943 F.3d at 597.

The FRA sets forth a comprehensive statutory scheme and provides the Federal Reserve Banks with the power to, among other things, "dismiss at pleasure" their officers and employees. 12 U.S.C. § 341 (Fifth). Pursuant to the Supremacy Clause of the United States Constitution, federal law preempts state law or regulation if the federal law expressly or impliedly occupies the field of potential regulation. *See Hancock v. Train,* 426 U.S. 167, 178 (1976); *McDermott v. Wisconsin,* 228 U.S. 115, 131-132 (1913). "Absent explicit pre-emptive language, Congress' intent to supersede state law altogether may be inferred because '[t]he scheme of federal regulation may be so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it [or because] the Act of Congress may touch a field in which the federal interest is

so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject." *Fidelity Federal Sa. &Loan Ass'n v. De La Cuesta*, 458 U.S. 141, 153 (1982) (quoting *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230 (1947)).

The FRA, by including express language allowing the Bank to dismiss its employees at pleasure, preempts any state employment laws that go beyond the remedies and protections provided by federal law. "Such 'additional' provisions – including provision for unlimited punitive damages, [and] dual liability on the part of employees, . . . would conflict with Congress's intent to provide Federal Reserve Banks with the broadest latitude possible in carrying out their statutory duties…. In this sense, additional state remedies surely "stand[] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."" *Crowe v. Fed. Res. Bank of St. Louis,* 2009 WL 140747, *2 (E.D. Mo., January 20, 2009) (citing *Fasano v. Federal Reserve Bank of New York,* 457 F.3d 274, 288 (3rd Cir. 2006)); *see also Arrow v. Fed. Res. Bank of St. Louis,* 358 F.3d 392, 393-94 (6th Cir. 2004) (dismissing Federal Reserve Bank of St. Louis's employee's state-law discrimination and retaliation claims on the basis that the claims were preempted by the FRA); Ana *Leon T. v. Fed. Res. Bank of Chicago,* 823 F.2d 928, 931 (6th Cir. 1987) (concluding that "Section 4, Fifth, of the Federal Reserve Act, 12 U.S.C. § 341, Fifth... preempts any state-created employment right to the contrary.").

Appellate courts have held unanimously that Section 341 (Fifth) of the FRA, and its analogues in the National Bank Act and the Federal Home Loan Bank Act, preempt state or local employment rights. *See Wiersum v. U.S. Bank*, 785 F.3d 483, 489–91 (11th Cir. 2015) (state whistleblower claim preempted by NBA "at pleasure" language); *Schweikert v. Bank of Am.*, 521 F.3d 285, 288–89 (4th Cir. 2008)(NBA "preempts state law claims for wrongful discharge"); *Fasano*, 457 F.3d at 288 (state anti-discrimination and whistleblower laws conflict with federal

law and are preempted by Federal Reserve Act); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 989 (9th Cir. 2006) (state law discrimination claim could proceed under NBA only "insofar as [it is] consistent with the prohibited grounds for termination under the ADEA"); *Arrow v. Fed. Res. Bank of St. Louis*, 358 F.3d 392, 393 (6th Cir. 2004) (Kentucky anti-discrimination laws preempted); *Walleri v. Fed. Home Loan Bank*, 83 F.3d 1575, 1582 (9th Cir. 1996) ("at pleasure" language in FHLBA preempts all state law claims concerning the "employment relationship"); *Ana Leon T. v. Fed. Res. Bank of Chi.*, 823 F.2d 928, 931 (6th Cir. 1987) (Federal Reserve Act "dismiss at pleasure" provision "preempts any state-created employment right" against a Reserve Bank); *Bollow v. Fed. Res. Bank of S.F.*, 650 F.2d 1093, 1098 (9th Cir. 1981) (state-law claims alleging right to pre-termination hearing preempted by FRA).

Because Plaintiff was a Federal Reserve Bank employee, the FRA preempts Plaintiff's state law discrimination, retaliation and failure to accommodate claims. Although the allegations in Counts I through IV occasionally make an unclear reference to "the law," without identifying the law to which the Plaintiff is referring, the Complaint is explicit that each of the first four counts are made pursuant to the MHRA. Plaintiff cannot state a claim for relief under the MHRA; Counts I through IV of the Complaint must therefore be dismissed with prejudice.

> **B.** **Because The Remedies Available Under The Missouri Human Rights Act And Federal Law Differ Substantially, the Bank Cannot Be Subject to the Missouri Human Rights Act.**

According to the Missouri Supreme Court, "While Missouri appellate courts are guided by both Missouri and federal law in deciding cases under the MHRA, the protections of the MHRA are not identical to those found in federal statutory schemes, such as Title VII, and, indeed, Missouri has adopted a different definition of "discrimination" that in some respects offers greater protection to workers than does federal law." *Cynthia Hill v. Ford Motor Co.*, No. SC88981 (Feb.

24, 2009) (en banc). The MHRA, unlike analogous federal laws, allows for potential individual liability for management employees. *Brady v. Curators of Univ. of Missouri*, 213 S.W.3d 101, 113 (Mo. Ct. App. 2006) ("The Missouri legislature chose to employ language within the MHRA definition of "employer that is broader in scope than that found in Title VII." Therefore, we found that the plain and unambiguous language within the definition of "employer" under the MHRA imposes individual liability in the event of discriminatory conduct."). There is also a difference between the MHRA and federal law with respect to the potential punitive damages available. While federal law caps punitive damages at $300,000, the cap under the MHRA is $500,000. Mo. Ann. Stat. § 213.111 (West). Because the remedies available under the MHRA and federal law differ substantially, the Bank cannot be subject to the MHRA.

Moreover, the Missouri Commission on Human Rights ("MCHR"), the agency charged with enforcement of the MHRA, long has conceded that the MCHR does not have jurisdiction over state law administrative complaints brought by employees of the Bank. (*See* MCHR dismissal notice attached as **Exhibit C**). The only Missouri circuit court that has addressed this issue has upheld the MCHR's position that it lacks jurisdiction because the FRA preempts claims by Federal Reserve Bank employees under the MHRA. In *Judith M. Casady v. Missouri Commission on Human Rights,* et al., Case No. CV198-81CC, Circuit Court of Cass County, Missouri (Sept. 22, 1998) (copy attached as **Exhibit D**), a former employee of the Bank petitioned for judicial review of the MCHR's finding that it lacked jurisdiction over her MHRA claims. The court noted that "the Bank is immune from state regulation absent clear Congressional intent authorizing such regulation" and that "Congress has not authorized the application of state anti-discrimination law to any Federal Reserve Bank." (Ex. D, pp.7-8, ¶¶ 7-8).

The court recognized the MCHR's finding that it lacked jurisdiction was consistent with

the holdings of the majority of courts that have addressed the issue, as well as the conclusions of various state and municipal agencies. (Ex. D, pp. 8-9, ¶¶ 9-10). The court further concluded that, because the remedies available under the MHRA and the federal statutes differ substantially, "application of the MHRA would impose additional burdens on the Federal Reserve beyond federal law." (Ex. D, pp.9-10; ¶ 11). Accordingly, the court affirmed the MCHR's decision that it lacked jurisdiction of plaintiff's claims under the MHRA. (Ex. D, p. 10, ¶ 13).

The direct conflict between the MHRA and federal law provides further proof that the Bank cannot be subject to liability under the MHRA. Counts I through IV of the Complaint must therefore be dismissed.

### C. Plaintiff's Claim for Common-Law Emotional Distress Should Be Dismissed Because The Claim Is Preempted By The Missouri Worker's Compensation Act.

Missouri's worker's compensation law provides the exclusive remedy for emotional distress inflicted during the course of employment. *Miller v. Wackenhut Servs., Inc.*, 808 F. Supp. 697, 701 (W.D. Mo. 1992). An injury arises in the course of employment if it occurs within the period of employment at a place where the employee reasonably may be fulfilling the duties of employment. *Id.*

In cases in which plaintiffs have filed claims under Title VII and/or the MHRA as well as common law tort claims for intentional and/or negligent infliction of emotional distress, courts have consistently dismissed the common-law tort claims as being preempted by the Missouri Workers' Compensation Act. *Coats v. Kraft Heinz Foods Co.*, No. 2:21-CV-4159-MDH, 2021 WL 5889980, at *5 (W.D. Mo. Dec. 13, 2021); *See e.g., McAlinney v. Marion Merrell Dow, Inc.*, 992 F.2d 839 (8th Cir. 1993) (trial court considered the MHRA claim and Title VII claim but had dismissed prior to trial both state law claims concerning emotional distress as preempted by the Missouri Workers' Compensation Act); *Nichols v. American National Insurance Company*, 945

F.Supp. 1242 (E.D. Mo. 1996) (dismissing the plaintiff's claim of intentional infliction of emotional distress as being barred by the Missouri Workers' Compensation Act, in case where the plaintiff also asserted a Title VII claim); *Whitmore v. O'Connor Management, Inc.*, 899 F.Supp. 425 (W.D. Mo. 1995) (dismissing the plaintiff's common law tort claim of intentional infliction of emotional distress as being preempted by the Missouri Workers' Compensation Act, while retaining jurisdiction over the Title VII and MHRA claims); *Russell v. City of Overland Police Department*, 838 F.Supp. 1350, 1353 (E.D. Mo. 1993) (granting the defendant's motion to dismiss state law claim of intentional infliction of emotional distress as barred by the Missouri Workers' Compensation Act in case where the plaintiff also had a Title VII claim pending); and *Jen v. Electronic Data Systems, Corp.*, 1993 WL 246327 (E.D. Mo. June 1993) (dismissing the plaintiff's claims of intentional and negligent infliction of emotional distress as being barred by the Missouri Workers' Compensation Act in a case where the plaintiff had also filed claims of violations of Title VII and the MHRA).

Here, Count V of the Complaint alleges that Plaintiff is entitled to relief because he "suffered severe emotional distress" upon learning that his request for an exemption from the Bank's COVID-19 Vaccination Policy was denied. Compl., ¶¶71, 72. There are no factual allegations in the Complaint which point to any conduct by the Bank that occurred outside of the employment relationship with Plaintiff. The purported negligent infliction of emotional distress is a result of Plaintiff learning that he did not receive an exemption from the Bank's policy and Plaintiff's subsequent termination of employment. If the emotional harm that Plaintiff has suffered from these incidents is actionable, which the Bank strongly disputes, it would only be actionable under the Missouri Workers' Compensation Act, not through a common law tort claim. As a result, Count IV is preempted and must be dismissed with prejudice as well.

9

## CONCLUSION

The FRA, by including express language allowing the Bank to dismiss its employees at pleasure, preempts any state employment laws that go beyond the remedies and protections provided by federal law. There is no dispute that the protections of the MHRA are not identical to those found in federal statutory schemes, and that the MHRA extends greater protection to workers than federal law. Because the remedies available under the MHRA and the federal statutes differ substantially, application of the MHRA would impose additional burdens on the Bank beyond federal law. As a result, Counts I through IV of the Complaint are preempted. Similarly, common-law tort claims, such as Count V of the Complaint, are preempted by the Missouri Workers' Compensation Act, which provides the exclusive remedy for emotional distress inflicted during the course of employment. For the reasons discussed above, all five counts of Plaintiff's Complaint should be dismissed with prejudice.

Date:   December 5, 2022                     Respectfully submitted,

By: /s/ Erica Young
Erica N.D. Young (MO Bar No. 73084)
Laura A. Balson (*Pro Hac Vice Pending*)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
300 S. Wacker Drive
Suite 1050
Chicago, Illinois 60606
Telephone: (773) 661-4710
eyoung@constangy.com
lbalson@constangy.com

*Counsel for Defendant Federal Reserve Bank of Kansas City*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December, 2022, I electronically transmitted the foregoing document with the Clerk of Court using the ECF System which will send notification of such filing to the following:

>Melinda Clark-Sann
>800 East 101st Terrace
>Suite 350
>Kansas City, Missouri 64131
>(816) 533-5644
>legal@mcclarksannlaw.com

>Charice L. Holtsclaw
>4311 NW 80th Terrace
>Kansas City, Missouri 64151
>(816) 842-6700
>holtsclaw.law@gmail.com

>ATTORNEY FOR PLAINTIFF

>/s/ Erica N.D. Young
>Attorney for Defendant