## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| STEVEN J. NAUDET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 4:22-cv-00783 |
| | ) | |
| FEDERAL RESERVE BANK OF | ) | The Honorable Judge Brian C. Wimes |
| KANSAS CITY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S SUGGESTIONS IN OPPOSITION TO
## PLAINTIFF'S MOTION TO REMAND TO STATE COURT

Pursuant to 12 U.S.C. §632, Defendant Federal Reserve Bank of Kansas City (the "Bank")

by its attorneys, filed a Notice to Remove this action from the Circuit Court of Jackson County,

Missouri. Plaintiff Steven J. Naudet ("Plaintiff"), by his attorneys, filed a Motion to Remand this

action to State Court. Defendant's legal right to remove this case to this court is clear and the Court

should deny Plaintiff's Motion.

## INTRODUCTION AND BACKGROUND

1.     On October 25, 2022, Plaintiff Steven J. Naudet ("Plaintiff") filed an action entitled

*Steven J. Naudet v. Federal Reserve Bank of Kansas City*, Case No. 2216-CV09635, against the

Bank in the Circuit Court of Jackson County, Missouri, which lies within the United States District

Court for the Western District of Missouri, (the "State Court Action").

2.     The Bank accepted service of the Petition in the State Court Action on

October 31, 2022.

3.     On November 29, 2022, the Bank filed a Notice of Removal pursuant to 12 U.S.C.

§632 which provides in pertinent part:

> Notwithstanding any other provision of law, all suits of a civil nature
> at common law or in equity to which any Federal Reserve Bank shall

be a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any Federal Reserve Bank which is a defendant in any such suit may, at any time before the trial thereof, remove such suit from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law. No attachment or execution shall be issued against any Federal Reserve bank or its property before final judgment in any suit, action, or proceeding in any state, county, municipal, or United States court.

4. On December 5, 2022, Defendant filed a Motion to Dismiss all of Plaintiff's claims. Plaintiff's state-law MHRA claims, Counts I through IV, are preempted by the Federal Reserve Act and Plaintiff's common-law tort claim, Count V, is preempted by the Missouri Workers' Compensation Act.

5. On December 20, 2022, Plaintiff filed a Motion to Remand this action to State Court.

## ARGUMENT AND ANALYSIS

6. Pursuant to 12 U.S.C. §632, matters to which Federal Reserve Banks, such as the Bank, are a party are "deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits." Section 632 gives the Bank the right to remove an action to federal court, based on this language, even if federal question and diversity are not otherwise a basis for federal jurisdiction.

7. It is settled law that federal jurisdiction exists for all civil suits in which a Federal Reserve Bank is a party, including actions based solely on state statute. *Federal Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235, 1244-45 (11th Cir. 2000). Removal is therefore available under 21 U.S.C. §§ 1331 and 1441.

8. The majority of Plaintiff's Motion to Remand attempts to rebut arguments that Defendant does not make. Plaintiff's Motion to Remand relies on two key points: that the Bank is

not a federal agency and that the Bank is a private employer[1]. But the basis for removal of this action is *not* based on either of these points. The sole basis for removal is that this Court has jurisdiction over this matter based on a plain reading of the statutory language that, "any Federal Reserve Bank which is a defendant in any such suit may, at any time before the trial thereof, remove such suit from a State court into the district court of the United States" 12 U.S.C. §632. Plaintiff's assertions regarding federal agency and private employer are completely irrelevant to whether this Court has original jurisdiction over this case because the statute clearly provides for it. Accordingly, Plaintiff's argument fails and the Motion to Remand this case to state court must be denied.

9.      Plaintiff further argues that the Bank improperly pled 12 U.S.C.§ 632 as cause for removal because *a majority of* the claims are not based in common law or in equity. Plaintiff's claim is without merit. The phrase "in common law or in equity" does not exclude statutory claims. "Courts interpreting the full phrase in other contexts have given it an extremely broad reading that does not exclude claims based on statute." *Thomas* at 1239.

10.      "The phrase 'suits at common law and in equity' embraces not only ordinary actions and suits, but includes all the proceedings carried on in the ordinary law and equity tribunals as distinguished from proceedings in military, admiralty, and ecclesiastical courts. It is a very comprehensive term and *is understood to apply to any proceedings in a court of justice by which an individual pursues a remedy which the law affords.*" *Id.*

11.      Though it is not necessary to look to legislative history to determine how to apply Section 632, such an analysis also supports Defendant's removal: "Simply put, the history of

---

[1] Defendant does not waive any right to dispute any claim made in Plaintiff's Petition.  The arguments contained in this brief are for the sole purpose of responding to Plaintiff's Motion to Remand and some claims are therefore not relevant to the issue at hand.

section 632 strongly suggests that Congress intended to provide Federal Reserve Banks with a federal forum for all actions by or against them, and did not intend to carve out an exception for state statutory claims." *Id.* at 1242. Defendant further contends that it is not subject to state statutory claims, as outlined in its Motion to Dismiss.

12.     Through Plaintiff's own admission, at least one of his claims, the emotional distress count, is based in his more narrow definition of "common law," which would be sufficient under Plaintiff's own argument to support Defendant's removal of the case.

13.     Acknowledging this weakness, Plaintiff points to Defendant's argument that his emotional distress count is preempted by the Missouri Workers' Compensation Act. Plaintiff argues that if Defendant's allegation is true, the emotional distress count should be analyzed under the state workers compensation statutes, which bar removal. This argument is nonsensical. Plaintiff did not assert any claims under the Missouri Workers' Compensation Act and the Court should therefore not look to the statute to analyze any of Plaintiff's claims to determine removal. Defendant argued in its Motion to Dismiss that Plaintiff's emotional distress count is preempted by the Missouri Workers' Compensation Act to demonstrate that the claim should be dismissed because it was not properly pled. The Court does not need to analyze the claim under a different statute than what Plaintiff pled to determine whether the claim is preempted. Plaintiff's argument is misplaced.

14.     Plaintiff cites no legal authority to support his argument that Section 632 is an improper basis for removal in this case, nor does he provide any basis for why this Court should deviate from the long precedent of other federal courts interpreting this same question. As the Court explained in *Thomas,* "the federal courts which have discussed section 632 have uniformly

4

referred to the statute as encompassing all civil actions, and no case has suggested that claims based solely on a state statute are excluded." *Id.* at 1243.

WHEREFORE, the Federal Reserve Bank of Kansas City hereby requests that this Court deny Plaintiff's Motion to Remand to State Court and grant any such other relief as this Court deems just and proper.

Date: January 17, 2023

Respectfully submitted,

By: */s/ Erica N.D. Young*
Erica N.D. Young (MO Bar No. 73084)
Laura A. Balson (*Pro Hac Vice*)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
300 S. Wacker Drive, Suite 1050
Chicago, Illinois 60606
Telephone: (773) 661-4710
eyoung@constangy.com
lbalson@constangy.com

*Counsel for Defendant Federal Reserve Bank of Kansas City*

5

## <u>CERTIFICATE OF SERVICE</u>

I, Carly Henley, a non-attorney, hereby certify that on this 17th day of January, 2023, a copy of the above and foregoing DEFENDANT'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT was served via the Court's electronic filing system, on the following:

Melinda Clark-Sann
Charice L. Holtsclaw
800 East 101st Terrace, Suite 350
Kansas City, Missouri 64131
(816) 533-5644
legal@mcclarksannlaw.com
charice@mclarksannlaw.com

ATTORNEYS FOR PLAINTIFF

*/s/ Carly Henley*

6