# IN U.S. DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STEVEN J NAUDET, ) | |
| ) | Case No. 22-cv-00783-BCW |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| FEDERAL RESERVE BANK OF ) | |
| KANSAS CITY, ) | |
| ) | |
| Defendant. ) | |

## AMENDED PETITION FOR DAMAGES

COMES NOW Plaintiff, Steven Naudet ("**Plaintiff**"), by and through the undersigned counsel and states and alleges as follows for his Petition for Damages against Defendant Federal Reserve Bank of Kansas City ("**Federal Reserve**").

## INTRODUCTION

1. In violation of the Missouri Human Rights Act ("**MHRA**") and Title VII, Plaintiff, while an employee of Defendant, Federal Reserve, was subjected to unlawful discrimination based on his religious beliefs, age, and in retaliation for engaging in protected activity and otherwise exercising his legal rights.

2. Plaintiff seeks compensatory damages against Federal Reserve.

## PARTIES

3. Plaintiff is and was at all times relevant to the allegations contained herein a Missouri resident.

4. Defendant Federal Reserve Bank is and was at all times relevant to the allegations contained herein, a Missouri "employer" as that term is defined in the Missouri Human Rights Act.

1

5. At all times relevant herein, before and after, the individual actors named herein, including but not limited to Plaintiff's supervisors and management-level employees of Defendant, were agents, servants, and employees of Defendant and were at all times acting within the scope and course of their agency and employment, or their actions were expressly authorized and ratified by Defendant. Therefore, Defendant is liable for the actions of said persons under all theories pled herein.

## JURISDICTION AND VENUE

6. The discriminatory conduct alleged herein occurred in Jackson County, Missouri giving this Court jurisdiction over the claims and making this Court the appropriate forum.

## CONDITIONS PRECEDENT

7. Plaintiff timely filed his first Charge of Discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission on or about April 20, 2022, alleging discrimination based on religion, age, and retaliation against Defendant. *A copy of the charge is attached hereto as* **Exhibit A** *and incorporated herein by reference.*

8. The Missouri Commission on Human Rights issued Plaintiff a Notice of Right to Sue with respect to his first Charge of Discrimination on July 29, 2022. *A copy of the Notice of Right to Sue is attached hereto as* **Exhibit B** *and incorporated herein by reference.*

9. This action has been timely filed with this Court and Plaintiff has met all conditions precedent to filing this action.

## FACTUAL ALLEGATIONS

10. Plaintiff is a Caucasian male, 59.

11. Plaintiff had worked for the Federal Reserve since January 11, 1982. His last position was Facilities Senior Maintenance Technician.

12. On or about September 21, 2021, Plaintiff was notified by Federal Reserve that he would need to be vaccinated with the experimental Covid-19 vaccine by November 15, 2021.

13. Plaintiff submitted a request for religious exemption to the Covid-19 vaccine based on a sincerely held religious belief shortly thereafter, and provided supplemental information to Federal Reserve on October 11, 2021.

14. Plaintiff's request for a religious exemption was denied.

15. On or around October 15, Plaintiff discovered his exact job position posted online.

16. On or around October 27, 2021 Plaintiff had a meeting with Human Resources to discuss the denial of his exemption and where they notified him that he had until November 15, 2021 to be vaccinated or he would be terminated.

17. When Plaintiff inquired why his exemption was denied, Human Resources explained they needed to keep him out of contact with other employees in case of emergency.

18. Plaintiff works the night shift and already has minimal contact with other

employees, only coming into contact with maybe 6 people per shift.

19. Plaintiff was told that Federal Reserve "bundled" all exemptions whether religious or medical into the same category, and that they did not evaluate undue hardship when evaluating his request.

20. Plaintiff was denied an opportunity to discuss alternatives or to engage in an interactive process (also known as a "sit and confer") as required under the law regarding accommodations.

21. On or around November 15, 2021 Plaintiff was forced into early retirement under duress because he did not want to be terminated and potentially lose benefits.

22. Plaintiff believes others were also forced into retirement rather than accommodated due to religious or medical exemptions.

23. In addition to discrimination on the basis of his age and religion, Plaintiff has further experienced retaliation, and the result has been emotional distress and other stressors to his mental health.

24. Plaintiff believes he was forced into retirement and threatened with termination due to his age, religion, and/or in retaliation for his complaints of discrimination and/or retaliation. His age was a motivating factor in the adverse actions taken by the employer.

25. As a result of the discrimination and retaliation to which Defendant has subjected Plaintiff, Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, lost benefits, loss of earning capacity, loss of career opportunity,

costs of seeking alternate income, pain and suffering, emotional distress, humiliation, upset, damage to his reputation, deprivation of civil rights, and in other respects.

**COUNT I**
**Age Discrimination**
**(Pursuant to the MHRA, Section 213.010, *et seq*. and the Age Discrimination in Employment Act of 1967 29 U.S.C. 633a)**

46. Plaintiff incorporates by reference all other paragraphs in this Petition as though fully stated here.

47. Plaintiff is between 40 and 70 years old, Defendant intentionally discriminated against Plaintiff on the basis of his age in the terms, conditions, and/or privileges of his employment, in ways including but not limited to issuing him unfair criticism and generally treating his with hostility; terminating his employment; and hiring back a younger employee who was terminated at the same time and not offering the same benefit to Plaintiff.

48. Plaintiff's age was a contributing factor in Defendant's unfair and discriminatory treatment of Plaintiff in the terms, conditions, and/or privileges of his employment.

49. Defendant failed to make good-faith efforts to enforce policies to prevent discrimination against its employees, including Plaintiff.

50. As a direct and proximate result of Defendant's illegal discriminatory actions, Plaintiff has suffered actual damages in the form of lost wages, lost benefits, loss of earning capacity, loss of career opportunity, costs of seeking alternate income, pain and suffering, emotional distress, humiliation, upset, damage to his reputation, diminished job opportunities, deprivation of civil rights, and in other respects, all in an amount yet to be determined.

51. Defendant's conduct was willful, wanton and malicious, and showed

complete indifference to or conscious disregard of the rights of Plaintiff under the MHRA and Age Discrimination in Employment Act, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and to deter it and others from like conduct.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant, for compensatory damages including but not limited to lost wages and benefits, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, loss of self-esteem, humiliation and other nonpecuniary losses, damages for future loss of wages and benefits, a ll costs including reasonable attorneys' fees, equitable relief as appropriate, and any such other relief as the Court deems just and proper.

## COUNT II
### Religious Discrimination
**(Pursuant to the MHRA, Section 213.010, *et seq*. and 42 U.S. CODE §§2000e–2(a)(1) 2(a)(2))**

52. Plaintiff incorporates by reference all other paragraphs in this Petition as though fully stated here.

53. Defendant intentionally discriminated against Plaintiff on the basis of his religion in the terms, conditions, and/or privileges of his employment, in ways including but not limited to: failure to engage in the interactive process to find ways to accommodate his sincerely held religious beliefs and still function in his job; and terminating his employment and forcing him into early retirement.

54. Plaintiff's religion was a contributing factor in Defendant's unfair and discriminatory treatment of Plaintiff in the terms, conditions, and/or privileges of his employment.

55. Defendant failed to make good-faith efforts to enforce policies to prevent discrimination against its employees, including Plaintiff.

56. As a direct and proximate result of Defendant's illegal discriminatory actions, Plaintiff has suffered actual damages in the form of lost wages, lost benefits, loss of earning capacity, loss of career opportunity, costs of seeking alternate income, pain and suffering, emotional distress, humiliation, upset, damage to his reputation, diminished job opportunities, deprivation of civil rights, and in other respects, all in an amount yet to be determined.

57. Defendant's conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard of the rights of Plaintiff under the MHRA and Title VII, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and to deter it and others from like conduct.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant, for compensatory damages, including but not limited to his lost wages and benefits, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, loss of self-esteem, humiliation and other nonpecuniary losses, damages for future loss of wages and benefits, all costs including reasonable attorneys' fees, equitable relief as appropriate, and any such other relief as the Court deems just and proper.

**COUNT III**
**Retaliation**
**(Pursuant to the MHRA, Section 213.010, e*t seq*. and 42 U.S. Code § 2000e-3)**

58. Plaintiff incorporates by reference all other paragraphs in this Petition as though fully stated here.

59. Plaintiff had a good-faith, reasonable belief that Defendant was engaging in unlawful employment practices, including violations of laws prohibiting age and religious discrimination.

60. 42 U.S. Code §200e-3 states it shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-m management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.

61. Defendant engaged in unlawful employment practices when it ignored, mocked, and dismissed Plaintiff's sincerely held religious beliefs.

59. Defendant retaliated against Plaintiff because of his opposition to its unlawful employment practices in the terms, conditions, and/or privileges of his employment, including but not limited to, by failing to take prompt and appropriate corrective actions to remedy its conduct that Plaintiff reported was unlawful, failing to accommodate or "sit and confer" to discuss accommodation options, subjecting Plaintiff to unwarranted criticism and hostility, and terminating his employment.

60. Plaintiff's opposition to Defendant's unlawful employment practices was a contributing factor in its decision to retaliate against him in the terms, conditions, and/or privileges of his employment.

61. Defendant failed to make good-faith efforts to enforce policies to prevent retaliation against its employees, including Plaintiff.

62. Plaintiff was a long-term employee, with specialized training, and a

spotless employment record prior to the medical directive imposed by Defendant. But for the unlawful, discriminatory, and retaliatory actions of Defendant, Plaintiff would still be a loyal employee of Defendant until his retirement. Instead, Defendant terminated his service as a slap in the face for his refusal to violate his religious beliefs.

63. By creating and implementing the medical directive, Defendant engaged in a pattern and practice of discrimination against employees with sincerely held religious beliefs by a classification system that adversely affected their employment, based entirely on their refusal to submit to a medical procedure that would violate their beliefs.

59. As a direct and proximate result of Defendant's continuing pattern and practice of illegal retaliation directed toward his and/or disparate treatment of his, and of Defendant's termination of his employment, Plaintiff has suffered actual damages in the form of lost wages, lost benefits, loss of earning capacity, loss of career opportunity, costs of seeking alternate income, pain and suffering, emotional distress, humiliation, upset, damage to his reputation, diminished job opportunities, deprivation of civil rights, and in other respects, all in an amount yet to be determined.

60. Defendant's retaliatory conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard of the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and to deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant, for compensatory damages, including but not limited to his lost wages and benefits, with

9

interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, loss of self-esteem, humiliation and other nonpecuniary losses, damages for future loss of wages and benefits, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement and an injunction restraining Defendant from future discriminatory actions, and any such other relief as the Court deems just and proper.

## COUNT IV
**Failure to Accommodate/Engage in Interactive Process Pursuant to the MHRA, Section 213.010, *et seq*.)**

61. Plaintiff incorporates by reference all other paragraphs in this Petition as though fully stated here.

62. Plaintiff had a good-faith, reasonable belief that Defendant was engaging in unlawful employment practices, including violations of laws prohibiting age and religious discrimination.

63. Defendant did not give Plaintiff the opportunity to "sit and confer" or engage in an interactive process to examine his job duties being performed in a safe and effective manner while still respecting his sincerely held religious beliefs.

64. As a direct and proximate result of Defendant's continuing pattern and practice of illegal retaliation directed toward his and/or disparate treatment of his, and of Defendant's termination of his employment, Plaintiff has suffered actual damages in the form of lost wages, lost benefits, loss of earning capacity, loss of career opportunity, costs of seeking alternate income, pain and suffering, emotional distress, humiliation, upset, damage to his reputation, diminished job opportunities, deprivation of civil rights, and in other respects, all in an amount yet

10

to be determined.

65. Defendant's conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard of the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and to deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant, for compensatory damages, including but not limited to his lost wages and benefits, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, loss of self-esteem, humiliation and other nonpecuniary losses, damages for future loss of wages and benefits, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement and an injunction restraining Defendant from future discriminatory actions, and any such other relief as the Court deems just and proper.

### COUNT V
### WRONGFUL TERMINATION IN VIOLATION OF 42 U.S. CODE §§2000e–2(a)(1)

66. Plaintiff incorporates by reference all other paragraphs in this Petition as though fully stated here.

67. Plaintiff had a good-faith, reasonable belief that Defendant was engaging in unlawful employment practices, including violations of laws prohibiting age and religious discrimination.

68. 42 U.S. CODE §§2000e–2(a)(1) states that it shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with

11

respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. Defendant terminated the employment of Plaintiff for engaging in protected activity, that being the exercise of his religion. Plaintiff's assertion of his right to his deeply held religious beliefs, and his refusal to violate those beliefs, were the reasons for said termination. Valid contracts require offer, acceptance, performance and consideration. Modification of an employment contract would obviously include a renegotiation of the terms and conditions, to include an exchange of value (increased pay or alternative benefit), accompanying any acceptance.

69. Ongoing employment—by itself—is insufficient consideration to modify an employment contract.

70. There was no re-negotiation of the contract between Plaintiff and Defendant. No medical directives were contained in the initial employment contract and to add one during the term of employment de post facto would be in violation of contract law.

71. Available vaccines do not offer sterilizing immunity, thus ameliorating the "community benefit" argument.

72. Physics, physiology and common sense would dictate that Plaintiff, working mainly alone the building during night shift, offered no threat to the health and wellbeing of his fellow employees.

73. Precautionary Principle requires cost/benefit analysis. Defendant chose to disregard this principal, opting instead for stigmatization, mandates, and politicization, which are anathema to public health.

74. Good health is measured in more than "disease avoidance". Weight loss, smoking cessation, exercise and sunlight all contribute to good health and would have been more effective measures against extreme illness and death, as evidence by the myriad of quadruple vaccinated health experts and politicians who have contracted the virus.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant, for compensatory damages, including but not limited to his lost wages and benefits, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, loss of self-esteem, humiliation and other nonpecuniary losses, damages for future loss of wages and benefits, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement and an injunction restraining Defendant from future discriminatory actions, and any such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts and allegations in this Petition.

By: /s/ *Charice L. Holtsclaw*
Melinda Clark-Sann, MO Bar # 52726
Charice L. Holtsclaw, MO Bar # 57772
Holmes Corporate Center
800 E 101st Terr, Suite 350
Kansas City, MO 64131
Telephone: 816.533-5644
Email: melinda@mclarksannlaw.com;
charice@mclarksannlaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

VIA ECF

Erica Young      eyoung@constangy.com

Laura A. Balson      lbalson@constangy.com, chidocket@constangy.com, cmitchell@constangy.com

DEFENDANT'S COUNSEL

14